IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CALVIN LEON WYCHE,

    Petitioner,

v.                                                          Civil Action No. 3:08CV295

GENE M. JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Petitioner Calvin Leon Wyche, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Wyche challenges the Powhatan Circuit Court's revocation of his probation. Respondent filed a Motion to Dismiss Wyche's petition (Docket No. 6) and Rule 5 Answer (Docket No. 9), providing Wyche with appropriate *Roseboro*[2] notice (Docket No. 8). Respondent contends that the matter is barred by the statute of limitations.

Wyche moved for an enlargement of time in which to respond to Respondent's Motion to Dismiss on August 8, 2008. (Docket No. 11.) He filed his Brief in Opposition on August 22, 2008, within the twenty-day period he requested in his Motion for Enlargement of Time. The Court GRANTS Wyche's Motion for Enlargement of Time. (Docket No. 11.) Wyche's Brief in

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

Opposition will be DEEMED TIMELY filed. (Docket No. 14.) Jurisdiction is proper pursuant to 28 U.S.C. §§ 636(c) and 2254. The matter is ripe for adjudication.

## I. Procedural History

On July 19, 2004, the Powhatan Circuit Court convicted Wyche of violating the terms of his probation. The Circuit Court sentenced Wyche to serve the eight years remaining of his suspended sentence, and did not re-suspend any of the sentence.

On January 16, 2007, Wyche filed a petition for a writ of habeas corpus in the Powhatan Circuit Court. The Circuit Court dismissed the petition as time barred on July 16, 2007. Wyche appealed the Circuit Court's order of dismissal to the Supreme Court of Virginia on September 17, 2007. (Resp't Rule 5 Ans. Ex. 1.) The Supreme Court of Virginia, by final order dated March 27, 2008, dismissed two of Wyche's assignments of error for failure to comply with the requirements of Rule 5:17(c),[3] and refused the petition for appeal as to the remaining assignments of error. (Resp't Rule 5 Ans. Ex. 2.)

On April 24, 2008, Wyche filed his present petition in the United States District Court, Eastern District of Virginia.[4] In the petition, Wyche raises the following claims, presented below verbatim:

> Claim One: The trial Court violated title 17.1 et. seq., Chapter 8 Virginia Criminal discretionary sentencing guidelines for technical violations of probation or post release supervision and unconstitutionally abused its discretion

---

[3] Rule 5:17(c) of the Rules of the Supreme Court of Virginia states in pertinent part, "Under a separate heading entitled 'Assignments of Error,' the petition [for appeal] shall list the specific errors in the rulings below upon which the appellant intends to rely. Only errors assigned in the petition for appeal will be noticed by this Court." Va. Sup. Ct. R. 5:17(c).

[4] The Court considers a prisoner's habeas corpus petition filed on the date he delivers his petition to prison authorities for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

       pursuant to certian sections of the 19.2-et. seq. Code of Virginia (1950) as amended, and sentenced petitioner to the full term of eight (8) years for his technical violation.

Claim Two:  The trial Court abused its discretion as if it was under the influence of passion, prejudice or other arbitrary factors, for the sentence of eight years is both arbitrary and capricious and excessive and disproportionate to penalties imposed in similar cases in other jurisdictions, because the Court improper found patterns of poor adjustment in petitioner's probation supervision.

Claim Three:  Petitioner's appointed counsel was ineffective due to her poor performance in this probation violation and her every failure to represent petitioner as guaranteed by the sixth (6) amendment of the Constitution of the United States when she failed to present to the Court petitioner's viable defense of his inability to pay restitution, because of garnished wages, prior restitution, and child support payments.

Claim Four:  Petitioner's appointed counsel was ineffective when she failed to object to the abuse of discretion by the Court sentencing petitioner to the full term of eight (8) years, knowing then and there, was clearly out of the sentencing guidelines for technical violations of any post release supervision in the Commonwealth.

## II. Analysis

### A.  Time Bar

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Section 101 of the AEDPA amended 28 U.S.C. § 2244 to require a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

  (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Wyche's conviction became "final," as that term is defined in § 2244(d)(1)(A), on August 19, 2004, the last date for noting his appeal to the Virginia Court of Appeals. *See* Va. Sup. Ct. R. 5A:6(a); *McAfee v. Angelone*, 87 F. Supp. 2d 605, 606 (W.D. Va. 2000); *see also Harris v. Hutchinson*, 209 F.3d 325, 327-28 (4th Cir. 2000). Under the applicable AEDPA one-year limitation period, Wyche had until August 19, 2005, to file a federal petition for a writ of habeas corpus.[5] Wyche filed his federal habeas petition on April 24, 2008. Therefore, Wyche's petition is time barred unless he demonstrates that he is entitled to equitable tolling of the limitation period.

---

[5] Because the limitation period had expired prior to the date that Petitioner filed his state habeas petition, it is unnecessary to address the impact of that petition on the statute of limitations. *See* 28 U.S.C. § 2244(d)(2) (providing that the statute of limitations for filing a federal habeas petition shall be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"). Wyche's state habeas petition was pending from January 16, 2007, until July 16, 2007, well beyond the date on which the statute of limitations to file a federal habeas petition ran on August 19, 2005.

## B. <u>Equitable Tolling</u>

Equitable tolling of the AEDPA's statute of limitations is "reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (*quoting Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). "Principles of equitable tolling do not extend to garden variety claims of excusable neglect." *Rouse*, 339 F.3d at 246 (*citing Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Wyche argues in his Petition that he is entitled to equitable tolling because "the Virginia Supreme Court denied, refused and dismissed these conizable [sic] claims that were presented herein, without comment. The Virginia Supreme Court did nothing to indentify [sic] any legal principle or any rationale for dismissal." (Pet. 14.)

This argument fails to meet the standard for equitable tolling. Nothing about the Supreme Court of Virginia's final order of dismissal prevented Petitioner from timely filing his federal habeas petition. Indeed, that final order was entered on March 27, 2008, two years, seven months, and eight days after the statute of limitations for filing a federal habeas petition ran on August 19, 2005. Wyche offers no extraordinary circumstances beyond his control that prevented him from filing on time. Therefore Wyche is not entitled to equitable tolling of the statute of limitations.

## III. Conclusion

Based on the foregoing reasons, the Respondent's Motion to Dismiss (Docket No. 6) will be GRANTED. Petitioner's Motion for an Evidentiary Hearing (Docket No. 13) will be DENIED. Accordingly, the Petition will be DENIED and the action will be DISMISSED.

An appropriate Order shall issue.

                                                /s/
                                    M. Hannah Lauck
                               United States Magistrate Judge

Richmond, Virginia
Date: 1/21/09